**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL ACTION NO. 3:11-CV-93-RJC-DCK**

| | |
|---|---|
| **SHEREE F. RUSSELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **PROTECTIVE ORDER** |
| ) | |
| **HARLAND CLARKE CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

Based on the parties agreed motion to enter this Protective Order, the Court orders as follows:

1. *Use of Confidential Information.* All Confidential Information produced or exchanged in the course of this litigation shall be used solely to prepare this case for trial and for trial and for no other purpose whatsoever, and shall not be disclosed to any person, except in accordance with the terms of this Order.

2. *Designating Information as Confidential.* "Confidential Information," as used in this Order, means any information of any type, kind or character that the supplying or receiving party designates as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, and shall include, without limitation, confidential or private medical and/or mental health information, financial or tax information, policy or procedure manuals, and information contained in personnel files. In designating information as "Confidential," a party will make the designation only as to information that it in good faith believes contains confidential information. In designating information as "For Counsel Only" (or

"Attorneys' Eyes Only"), a party will make the designation only as to confidential financial information or as to information that it in good faith believes gives it an opportunity to obtain an advantage over competitors or persons who do not know or use it. Information or material that is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3. *Meaning of Qualified Persons.* "Qualified Persons," as used in this Order means:

a. Attorneys of record for the parties in this litigation and employees of the attorneys to whom it is necessary that the material be shown in this litigation;

b. Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel before any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information to the persons and who have signed a document agreeing to be bound by the terms of this Order (the signed document to be filed with the Clerk of this Court by the attorney retaining the person);

c. The party or up to three party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party before any disclosure of "Confidential" Information" to such person and who shall sign a document agreeing to be bound by the terms of this Order (the signed document to be filed with the Clerk of this Court by the party designating the person); and

d. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4. *Marking Documents as Confidential.* Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). Rather than marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. *Designating Deposition Testimony.* Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts

retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by stating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order. Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of the written notice or notices to the face of the transcript and each copy thereof in the party's possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

      6.    *Disclosure of Confidential Information*.

      a.    "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) of this Order and a party's in-house counsel who is designated as a party representative under paragraph 3(c).

      b.    Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons in Paragraph 3(b)

or (c) of this Order, shall be maintained only at the offices of the Qualified Person and only working copies shall be made of any of these documents. Copies of documents produced under this Order may be made, or exhibits prepared by independent copy services, printers or illustrators, for this litigation.

c. Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents that are delivered to any one or more Qualified Persons, as defined in Paragraph 3 of this Order.

7. *Retroactive Designation.* Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8. *Inspection and Copying of Confidential Documents.* Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, the inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

9. *Party Consent and Court Ordered Disclosure.* Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to the disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything in this Order prevent any counsel of record from using "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is revealed on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

10. *Challenging a Confidential Information or Qualified Person Designation.* A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel

Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a later challenge. In the event, if any party to this litigation disagrees at any stage of this litigation to the production of "Confidential Information" or with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party who has requested the confidential information or who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The objecting party shall be required to move the Court for an order concerning the designated status of the information within thirty (30) days of receipt of the written objection, and failure to do so shall constitute a waiver of the objection and a termination of the restricted status of such item.

11. *Modification of Order*. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Order.

12. *Attorneys' Eyes Only Designations*. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information, except information of the most sensitive nature which, if disclosed, would reveal extremely confidential and sensitive matters.

13. *Information that is Not Confidential Under this Order*. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

  c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

  d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

  14. *Filing Designated Information Under Seal.* In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court, this "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information shall be filed under seal with the Court.

  15. *Treatment of Sealed Documents.* The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court that have been designated in whole or in part as "Confidential" or "For Counsel Only' (or "Attorneys' Eyes Only") information by a party to this action.

  16. *Return of Designated Documents.* At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Provided, however, it is understood that the parties' counsel may keep copies of the confidential information pursuant to the State Bar rules for retention of records and consistent with any requirements of liability carriers.

  Signed: July 18, 2011

_____
David C. Keesler
United States Magistrate Judge

APPROVED:

s/ Geraldine Sumter
N.C. Bar Number: 11107
*Attorney for Plaintiff*
FERGUSON, STEIN, CHAMBERS,
 GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
Telephone:        704-375-8461
Facsimile:         704-334-5654
gsumter@fergusonstein.com

ATTORNEY FOR PLAINTIFF

s/ Laura O'Donnell
s/ Lawrence Morales II
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1200
San Antonio, TX 78205
Telephone:  210-978-7421
Facsimile:   210-554-0421
lawrence.morales@haynesboone.com
laura.odonnell@haynesboone.com

Susan P. Dion (N.C. Bar. No. 28032)
sdion@mcguirewoods.com
McGuire Woods LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, North Carolina 28202
704.373.8951
704.353.6162 (Facsimile)

ATTORNEYS FOR DEFENDANT